# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2633-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against William J. Spangler, Attorney at Law: |
| | |
| | Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>William J. Spangler,<br>          Respondent. |

ATTORNEY SPANGLER REINSTATEMENT PROCEEDINGS
Reported at 370 Wis. 2d 369,881 N.W.2d 35
PDC No:2016 WI 61 - Published

| | |
|---|---|
| OPINION FILED: | January 26, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

2021 WI 4

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP2633-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against William J. Spangler, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**William J. Spangler,**

      **Respondent.**

**FILED**

**JAN 26, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.  *Reinstatement granted.*

¶1  PER CURIAM.  We review the report and recommendation of Referee John B. Murphy recommending that William J. Spangler's license to practice law in Wisconsin be reinstated. After careful review of the matter, we agree that Attorney Spangler's license should be reinstated.  Consistent with our general practice, we also find that Attorney Spangler should be required to pay the full costs of this reinstatement proceeding, which are $3,973.88 as of October 27, 2020.

¶2  Attorney Spangler was admitted to practice law in Wisconsin in 2003 and practiced in Eau Claire.  In 2016,

Attorney Spangler's Wisconsin law license was suspended for a period of six months, effective August 12, 2016. As we noted in the opinion suspending Attorney Spangler's license,

> [H]e engaged in an elaborate web of deception that included creating false documents and meticulously adding fake file stamps and other notations to make them appear to be genuine. He managed to perpetuate his ruses for years, leading his clients to believe that they had live lawsuits pending when, in fact, Attorney Spangler had voluntarily dismissed [one] suit and never filed [a second] action.

See In re Disciplinary Proceedings Against Spangler, 2016 WI 61, ¶35, 370 Wis. 2d 369, 881 N.W.2d 35.

¶3 Attorney Spangler filed a petition for reinstatement of his Wisconsin law license on April 19, 2019. A hearing on the reinstatement petition was held, via Zoom, on July 28, 2020. The referee issued his report and recommendation on October 8, 2020.

¶4 In his report, the referee noted that as part of his testimony at the July 28, 2020 hearing, Attorney Spangler stated that he had become personally mentally involved in the two cases that formed the basis for the disciplinary proceeding and that he "felt bad for his clients." Attorney Spangler said, "I felt like I needed to personally demonstrate that I could help them while at the same time I kept telling myself that I couldn't."

¶5 The referee noted that since his suspension, Attorney Spangler has been very involved in community activities including volunteer service at his church and with a local boy scout organization. The referee noted that various letters of

reference submitted by Attorney Spangler speak positively as to his character since his suspension. The referee noted Attorney Spangler states that, "I've made significant changes to the way I live my life . . . I believe that I am now at a point in my life where I can, again, honestly, truthfully, trustworthily represent myself, the profession, my family in a completely ethical and responsibly way." Attorney Spangler stated that if he should ever be in a position where he could not handle a legal matter he would seek help from other attorneys or refer matters to other counsel.

¶6 The referee recommends that this court grant Attorney Spangler's reinstatement petition. The referee said he did not believe that Attorney Spangler's reinstatement would be detrimental to the administration of justice nor would it subvert the public interest. The referee commented that Eau Claire is a relatively small community; many people are probably aware of Attorney Spangler's situation; and since Attorney Spangler seems intent on remaining in the Eau Claire community, his motivation to never again violate the ethical rules will be exceedingly strong.

¶7 Neither party has appealed from the referee's recommendation, so this court considers this matter pursuant to Supreme Court Rule (SCR) 22.33(3).

¶8 In our review, we accept a referee's findings of fact unless they are clearly erroneous. We review a referee's legal conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis. See In re

*Disciplinary Proceedings Against Jennings*, 2011 WI 45, ¶39, 334 Wis. 2d 335, 801 N.W.2d 304; *In re Disciplinary Proceedings Against Gral*, 2010 WI 14, ¶22, 323 Wis. 2d 280, 779 N.W.2d 168.

¶9 Supreme Court Rule 22.29(4) provides that a petition for reinstatement must show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

4

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

¶10 Supreme Court Rule 22.31(1)(c) provides that an attorney seeking reinstatement has the burden of demonstrating all of the above requirements by clear, satisfactory, and convincing evidence. Supreme Court Rule 22.31(1) also provides that an attorney seeking reinstatement must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law; that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest; and that he or she has complied with SCR 22.26 and the terms of the underlying disciplinary order. See SCR 22.31(1)(a), (b), and (d).

¶11 This court agrees with the referee that Attorney Spangler has met his burden of proof with respect to all of the elements needed to justify his reinstatement. As is our usual practice, we also find it appropriate it to impose the full costs of this disciplinary proceeding upon Attorney Spangler.

¶12 IT IS ORDERED that the license of William J. Spangler to practice law in Wisconsin is reinstated, effective the date of this order.

¶13 IT IS FURTHER ORDERED that within 60 days of the date of this order, William J. Spangler shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,973.88 as of October 27, 2020.